UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL S. BERMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, et al.,<br><br>Defendants. | Case No.  5:15-cv-03282-EJD<br><br>**ORDER TO SHOW CAUSE** |

In this action against California Governor Edmund G. Brown, Jr. and Corrections Secretary Jeffrey A. Beard (the "State Defendants"), Plaintiffs Michael S. Berman and Darrell B. Stapp ("Plaintiffs") challenge the state's implementation of a corrections program known as the Alternative Custody Program ("ACP").  According to Plaintiffs, the ACP permits a form of supervised release which "allows prisoners to reunite with their families in their home communities in lieu of incarceration."  Plaintiffs allege the ACP as presently authorized by California Penal Code § 1170.5 violates the Equal Protection Clause of the Fourteenth Amendment because it categorically excludes male prisoners from participating in the program. They seek two forms of relief: a declaration that the exclusion of male prisoners from the ACP is unconstitutional, and an injunction precluding further enforcement of the exclusion.

On July 27, 2015, the State Defendants filed a notice under Civil Local Rule 3-13 due to the pendency of another case asserting a similar challenge to the ACP.  See Docket Item No. 18. That action, Sassman v. Brown, Case No. 14-CV-01679-MCE-KJN (PR), was filed in the Eastern District of California on July 16, 2014, and is currently assigned to Chief Judge Morrison C. England.

1

Case No.: 5:15-cv-03282-EJD
ORDER TO SHOW CAUSE

The Sassman action is nearly identical to this case in all material aspects. Indeed, aside from those details particular to the initiating parties, the factual allegations contained in the Sassman Complaint track those of Plaintiffs' Complaint word-for-word. The relief requested is also the same: Sassman, like Plaintiffs, seeks declaratory and injunctive relief enjoining the State Defendants from excluding men from the ACP. Moreover, Sassman sought the same preliminary injunction that Plaintiffs seek in this case.

Because the Sassman action is further progressed, the State Defendants request this case be stayed or transferred to the Eastern District. Having considered this issue, the court concurs that a transfer of venue to permit coordination with the Sassman action is appropriate.

Accordingly, the court hereby issues an order to show cause why this action should not be transferred to the Eastern District of California pursuant to 28 U.S.C. § 1404(a).[1] If Plaintiffs do not, by **August 10, 2015**, file a response to this order which demonstrates good cause in writing why this case should not be transferred, the court will enter an order transferring venue pursuant to § 1404(a).

The State Defendants may file a reply to Plaintiffs' response, if any, on or before **August 14, 2015.** No hearing will be held on the order to show cause unless otherwise ordered by the court.

**IT IS SO ORDERED.**

Dated: July 28, 2015

_____
EDWARD J. DAVILA
United States District Judge

---

[1] Under § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" for the convenience of parties and witnesses. Such an order may be entered sua sponte "'so long as the parties have the opportunity to present their views on the issue.'" Am. Realty Investors, Inc. v. Prime Income Mgmt., Inc., No. 2:13-cv-00278-APG-CWH, 2013 U.S. Dist. LEXIS 159075, at *3, 2013 WL 5947221 (D. Nev. Nov. 4, 2013) (quoting Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986)).