UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL S. BERMAN, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, et al.,<br><br>       Defendants. | Case No.  5:15-cv-03282-EJD<br><br>**ORDER TRANSFERRING CASE** |

      Plaintiffs Michael S. Berman and Darrell B. Stapp ("Plaintiffs"), two state prisoners, filed this action against California Governor Edmund G. Brown, Jr. and Corrections Secretary Jeffrey A. Beard (the "State Defendants") challenging the state's implementation of the Alternative Custody Program ("ACP") as authorized by California Penal Code § 1170.05.  Since male prisoners are categorically excluded from participating in the ACP, Plaintiffs believe § 1170.05 violates the Equal Protection Clause of the Fourteenth Amendment.  They seek a declaration that the ACP's gender exclusion is unconstitutional as well as an injunction precluding further enforcement of the exclusion.

      Plaintiffs' case, however, is not the first to challenge the constitutionality of § 1170.05.  Another case raising identical claims, Sassman v. Brown, Case No. 14-CV-01679-MCE-KJN (PR), was filed in the United States District Court for the Eastern District of California on July 16, 2014.  The district judge presiding over that action, Chief Judge Morrison C. England, has since heard Sassman's request for a preliminary injunction - the same one Plaintiffs' filed in this case - and is presently considering the parties' cross-motions for summary judgment.

      After being notified of Sassman's pendency, this court issued an order on July 28, 2015, requiring Plaintiffs to show cause why this action should not be transferred to the Eastern District

1

Case No.: 5:15-cv-03282-EJD
ORDER TRANSFERRING CASE

of California pursuant to 28 U.S.C. § 1404(a). Plaintiffs responded to the order on August 3, 2015, and the State Defendants filed a reply on August 7, 2015.

This matter is suitable for decision without oral argument. See Civ. L.R. 7-1(b). Having carefully considered the parties' responses, the court finds, concludes and orders as follows:

1. Pursuant to 28 U.S.C. 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if such a transfer is convenient to the parties and witnesses. The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

2. To determine whether transfer is appropriate, the court first examines whether the action could have been brought in the district to which transfer is sought. See Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." (internal quotation marks and citations omitted)). If the proposed district is a proper one, the court then goes through an "individualized, case-by-case consideration of convenience and fairness." Van Dusen, 376 U.S. at 622.

3. In addition to the convenience considerations enumerated by § 1404(a), the Ninth Circuit has identified other fairness factors that may be weighed by the court: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). The court may also consider "the promotion of judicial efficiency and economy in determining whether to transfer an action." Riva v. Pepsico, Inc., No. 14cv340 JM(JMA), 2014 U.S. Dist. LEXIS 60845,

at *5, 2014 WL 1729023 (S.D. Cal. Apr. 30, 2014) (citing Sparling v. Hoffman Constr., 864 F.2d 635, 639 (9th Cir. 1988)).

4. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." Ctr. for Biological Diversity v. Kempthorne, No. 08-1339, 2008 U.S. Dist. LEXIS 84978, at *8, 2008 WL 4543043 (N.D. Cal. Oct. 10, 2008) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Sparling, 864 F.2d at 639). A transfer may not be appropriate under § 1404(a) if it "would merely shift rather than eliminate the inconvenience." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

5. A transfer under § 1404(a) may be ordered sua sponte "'so long as the parties have the opportunity to present their views on the issue.'" Am. Realty Investors, Inc. v. Prime Income Mgmt., Inc., No. 2:13-cv-00278-APG-CWH, 2013 U.S. Dist. LEXIS 159075, at *3, 2013 WL 5947221 (D. Nev. Nov. 4, 2013) (quoting Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986)). As noted, the court has solicited the parties' input here.

6. Given the status of the defendants as state officials and the fact that Plaintiffs' challenge a state law enacted by the California Legislature, there is no dispute this action could have been filed in the Eastern District of California since it encompasses the state capital. See 28 U.S.C. §§ 1391(b)(1), (2) (designating that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

7. As to convenience, the court finds that both this district and the Eastern District are equally convenient to the parties. Since the central issue raised by this case is a legal one rather than a factual one, it is unlikely that either Plaintiffs or the State Defendants - or any other witness for that matter - will actually need to appear in court. Nonetheless, the State Defendants have a slightly stronger connection to the Eastern District of California when, as here, they are sued in their official capacities. The same can be said of Plaintiff's claims, since they ultimately constitute an effort to invalidate a state statute.

8. As to the remaining factors, those with application to this case favor a transfer to

3

Case No.: 5:15-cv-03282-EJD
ORDER TRANSFERRING CASE

1  the Eastern District.  While this court, like any other federal court, is certainly capable of
2  adjudicating constitutional issues, it cannot be ignored that Judge England has already committed
3  significant resources to Plaintiffs' claims, having already ruled on Sassman's motion for
4  preliminary injunction and having submitted for decision the parties' cross-motions for summary
5  judgment.  For this reason, litigation costs will likely be reduced if the case is transferred to the
6  Eastern District of California and then coordinated before Judge England since his familiarity with
7  the ACP and Plaintiffs' arguments lessens the amount of additional time and resources necessary
8  to place their issues before the court.  See Madani v. Shell Oil Co., No. C07-04296 MJJ, 2008
9  U.S. Dist. LEXIS 9626, at *7-8, 2008 WL 268986 (N.D. Cal. Jan. 30, 2008) ("Judicial resources
10 are conserved when an action is adjudicated by a court that has already 'committed judicial
11 resources to the contested issues and is familiar with the facts of the case.'").  Additionally, most
12 of the relevant evidence is now more easily accessible in the Eastern District of California; indeed,
13 it has already been produced and submitted to the court in Sassman.

14       9.    Plaintiffs argue a transfer at this point would unreasonably delay their motion for
15 preliminary injunction and could ultimately preclude them from obtaining any relief due to the
16 ACP's timing requirements.  But this argument is unpersuasive as there is no indication the
17 Eastern District of California would delay hearing Plaintiffs' motion for injunctive relief or fail to
18 appropriately accommodate Plaintiffs' unique circumstances, due to congestion or otherwise.  In
19 fact, if Sassman is any guide, this case will receive the same expedited treatment conferred on that
20 case.

21       10.   The court has attributed due weight to Plaintiffs' desire to preserve their choice of
22 forum.  See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (observing that "great weight is
23 generally accorded plaintiff's choice of forum.").  Even having done so, the weight of that sole
24 factor is not enough to overcome the collective weight of all the others favoring the transfer.  In
25 the end, positioning this case before the Eastern District, and particularly before Judge England, is
26 the most efficient outcome and will result in the conservation of substantial resources, both for the
27 court and for the parties.  That is the type of result § 1404(a) was designed to yield.  See Van

1 Dusen, 376 U.S. at 616.

2   Thus, having considered the relevant factors and for the reasons stated, the court finds it appropriate to transfer this action pursuant to § 1404(a).  Accordingly, the Clerk shall TRANSFER this case to the United States District Court for the Eastern District of California, Sacramento Division, after which the parties may engage that district's procedures for the coordination of related cases.  The Clerk shall close this court's file.

**IT IS SO ORDERED.**

Dated:  August 10, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-03282-EJD
ORDER TRANSFERRING CASE

5